**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DAISHIA L. BELZ, f/k/a Daishia D.
LaMontagne, as successor trustee of
the Elenora Nagel Trust,

        Applicant,

v.                            Case No.: 3:13-cv-636-J-34MCR

MORGAN STANLEY SMITH BARNEY, LLC,

        Respondent.

_____

**O R D E R**

    This cause is before the Court on several matters.  On May 13, 2013, Applicant

Daishia L. Belz f/k/a Daishia D. LaMontagne, as successor trustee of the Elenora Nagel

Trust (the Trustee), filed a Verified Application to Vacate Arbitration Award (Doc. 2;

Application) in the Circuit Court for the Fourth Judicial Circuit, in and for Duval County,

Florida.  Respondent Morgan Stanley Smith Barney, LLC (MSSB) removed that action to this

Court on June 3, 2013.  See Notice of Removal (Doc. 1).  In the Application, the Trustee

requests that this Court enter an Order vacating a February 13, 2013 arbitration award

rendered by the Financial Industry Regulatory Authority (FINRA).  See Application ¶¶ 1, 12,

Ex. F: Arbitration Award.  MSSB filed a response in opposition to the Application on July 3,

2013.  See Respondent's Response in Opposition to Applicant's Verified Application to

Vacate Arbitration Award (Doc. 10; Response to Application).  Also on July 3, 2013, MSSB

simultaneously filed Respondent's Motion to Dismiss Applicant's Verified Application to

Vacate Arbitration Award (Doc. 8; Motion to Dismiss), as well as Respondent's Motion to

Confirm Arbitration Award (Doc. 9; Motion to Confirm).  The Trustee filed responses in opposition to the Motion to Dismiss and the Motion to Confirm on July 9, 2013.  See Applicant's Response to Respondent's Motion to Dismiss Applicant's Verified Application to Vacate Arbitration Award (Doc. 12; Response to Motion to Dismiss); Applicant's Response to Respondent's Motion to Confirm Award (Doc. 11; Response to Motion to Confirm).  Last, MSSB filed a reply in support of its Motion to Dismiss on July 23, 2013.  See Respondent's Reply to Applicant's Response to Respondent's Motion to Dismiss (Doc. 20; Reply).  Accordingly, this matter is ripe for review.[1]

## I.    Background

On approximately January 31, 2012, Elenora Nagel, individually and as the Trustee of the Elenora Nagel Revocable Trust and the Carl Nagel Revocable Trust, filed an arbitration claim against MSSB before FINRA.  See Application ¶ 2, Ex. A: Statement of Claim.  The arbitration claim arose out of MSSB's prior management of the trusts on Nagel's behalf, centering on her contention that MSSB did not invest the assets of the trusts in accordance with the trust instruments and failed to transfer the assets of those trusts to another brokerage firm when she so requested.  See Application ¶ 2; Statement of Claim at 3-5.  In her Statement of Claim to FINRA, Nagel alleged that MSSB's actions constituted negligence, breach of a fiduciary duty, breach of contract, and "exploitation of an elderly person" as prohibited by section 415.1111 of the Florida Statutes.  See Statement of Claim

---

[1] The Court notes that although the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16, "does not provide an independent basis for a federal court's subject-matter jurisdiction," see Household Bank v. JFS Grp., 320 F.3d 1249, 1253 (11th Cir. 2003), the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  See Notice of Removal ¶¶ 1, 4-7.

at 5-7.  Nagel's claims fell within the scope of an arbitration clause contained in the Morgan Stanley Active Assets Account Client Agreement (the Agreement).  See Response to Application, Ex. A: the Agreement.  Specifically, the Agreement's arbitration clause provides that:

> You and Morgan Stanley agree that all controversies between you or your principals or agents and Morgan Stanley or any of its agents (including affiliated corporations) arising out of or concerning any of your accounts, orders or transactions, or the construction, performance, or breach of this or any other agreement between the parties, whether entered into before or after the date the Account is opened, shall be determined by arbitration only.  Such arbitration shall be conducted before FINRA, any successor entity or any arbitration forum operated and/or administered by a self-regulatory organization of which Morgan Stanley is a member before which the controversy may be arbitrated, as you may elect.

See Agreement at 23 (footnote omitted).  Following Nagel's death in April 2012, Daisha Belz, the Applicant here, became the Successor Trustee of the Elenora Nagel Trust (the Trust) and elected to continue pursuing Nagel's arbitration claims on behalf of the Trust.  See Application ¶¶ 3-5.[2]

FINRA conducted an arbitration hearing on the matter from January 29-31, 2013.  See Application ¶ 1.  On February 13, 2013, the arbitration panel issued an award in favor of MSSB.  See id. ¶ 12; Arbitration Award at 6-7.  The panel held that "Respondent is found not liable and [the Trustee's] claim is denied in its entirety, with prejudice."  See Arbitration Award at 6.  In addition, the panel awarded MSSB, as the prevailing party under section 415.111 of the Florida Statutes, its reasonable attorney's fees and costs, as well as $10,000

---

[2] Douglas Wade succeeded Nagel as the trustee of the Carl Nagel Trust, and the arbitrators granted a motion to sever the claims of that trust from those of the Elenora Nagel Trust.  See Application ¶¶ 4-5, Ex. B. The arbitration then proceeded solely on the claims of the Elenora Nagel Trust.  Id. ¶ 5.

in damages for harm to the reputation of MSSB and a non-party broker.  Id.  Three months later, on May 13, 2013, the Trustee initiated a suit in state court seeking to vacate the Award. See generally Application.  That same day, counsel for the Trustee sent an email to MSSB's arbitration counsel, the body of which states, in its entirety: "I regret that we were not able to resolve this.  We filed an Application to Vacate the award earlier today."  See Response to Motion to Dismiss, Ex. A at 1.  The email did not include a copy of the Application to Vacate or any indication of where suit had been filed.  Id.  Thereafter, the Trustee served MSSB with the Application to Vacate on May 17, 2013.  See Motion to Dismiss, Ex. A.

## II.   Procedural Posture

Before addressing the arguments, the Court must clarify the procedural posture of this case.  As discussed below, this matter is governed by the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16.  See infra p. 11-12.  Pursuant to § 6 of the FAA, "[a]ny application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided."  9 U.S.C. § 6. Additionally, "the Federal Rules of Civil Procedure apply to proceedings brought under the Arbitration Act," but "'only to the extent that matters of procedure are not provided for in those statutes.'"  O.R. Sec., Inc. v. Prof'l Planning Assocs., Inc., 857 F.2d 742, 745 (11th Cir. 1988) (quoting Fed.R.Civ. P. 81(a)(3)).  Taken together, these combined "'statutes and rules do not permit a party to initiate a challenge to an arbitration award by filing a complaint or an Application [to Vacate Arbitration Award].'"  See id. (alteration in original) (quoting Interior Finish Contractors Assoc. of Del. Valley v. Drywall Finishers Local Union No. 1955, 625 F. Supp. 1233, 1240 (E.D. Pa. 1985)).  Instead, a request to vacate an arbitration award must

"be made in the form of a motion" as provided in Rule 7(b), Federal Rules of Civil Procedure (Rule(s)).  Id.  "The manner in which an action to vacate an arbitration award is made is obviously important, for the nature of the proceeding affects the burdens of the various parties as well as the rule of decision to be applied by the district court."  Id.  For example, if an application to vacate is brought in the form of a complaint, "then the burden of dismissing the complaint would be on the party defending the arbitration award," and were that party to fail at the motion to dismiss stage, the matter would develop into full scale litigation.  Id.  Rejecting such an approach, the Eleventh Circuit has instructed that the proper procedure for the party seeking to vacate an arbitration award is to file a motion to vacate in which, as the moving party, she would bear "the burden to set forth sufficient grounds to vacate the arbitration award in [her] moving papers."  Id. at 748.  This expedited judicial review process supports the well-established purpose of the FAA which is "'to relieve congestion in the courts and to provide parties with an alternative method for dispute resolution that would be speedier and less costly than litigation.'"  Id. at 745-46 (quoting Ultracashmere House, Ltd. v. Meyer, 664 F.2d 1176, 1179 (11th Cir. 1981)).[3]

Here, the Trustee initiated these proceedings by filing a Verified Application to Vacate Arbitration Award.  See Application at 1.  To the extent the Trustee intends the Application to serve as a motion, the Court notes that she failed to include a memorandum of law as required for all motions pursuant to the Local Rules of this Court.  See Local Rule 3.01(a), United States District Court, Middle District of Florida (Local Rule(s)).  Although the Trustee

_____

[3] The Eleventh Circuit explained, "[t]he policy of expedited judicial action expressed in section 6 of the Federal Arbitration Act, 9 U.S.C. § 6, would not be served by permitting parties who have lost in the arbitration process to file a new suit in federal court."  Id. at 746.

originally filed the Application in state court, Local Rule 4.02(c) requires that: "when a case is removed to this Court with pending motions on which briefs or legal memoranda have not been submitted, the moving party shall file and serve a supporting brief within fourteen (14) days after the removal in accordance with Rule 3.01(a) of these rules . . . ." Yet, following removal, the Trustee failed to file any legal memorandum in support of her Application.

Further confusing the procedural posture of this action, on July 3, 2013, MSSB simultaneously filed both a Response to the Application, as though the Application were a motion, and a Rule 12(b)(5) Motion to Dismiss the Application, as if the Application were a pleading. MSSB argues in the Motion to Dismiss that the Application should be dismissed for insufficient service because the Trustee failed to serve adequate notice on MSSB within the FAA's statutory time limits. It appears to the Court that this argument would be more properly included in a response to the Application and framed as a reason to deny, rather than dismiss, the Application. See id. at 746 (construing an application to vacate as a motion and a Rule 12(b)(6) motion to dismiss as a response to the application); see also Webster v. A.T. Kearney, Inc., 507 F.3d 568, 570-71 (7th Cir. 2007); Hodgson v. IAP Readiness Mgmt. Support, No. 5:10cv86/RS/MD, 2010 WL 3943698, at *1 (N.D. Fla. Sept. 20, 2010) (construing complaint as motion to vacate and motion to dismiss for lack of subject matter jurisdiction based on untimeliness as a response to motion to vacate) adopted by No. 5:10-cv-86/RS-MD, 2010 WL 3943696 (N.D. Fla. Oct. 5, 2010); Farmers Nat'l Bank of Geneseo v. Van Kampen Merrit, Inc., No. 91 C 5653, 1992 WL 80516, at *1 (N.D. Ill. Apr. 13, 1992) (construing application to vacate as a motion, and motion to dismiss as a response in

opposition to the motion); but see, e.g., Silicon Power Corp. v. Gen. Elec. Zenith Controls, No. 08-4331, 2009 WL 1971390, at *1 (E.D. Pa. July 7, 2009).

Despite the improper procedural history of this action, "'[t]he liberality of the . . . Federal Rules is such that an erroneous nomenclature does not prevent the court from recognizing the true nature of a motion.'" O.R. Sec., Inc., 857 F.2d at 746 (second alteration in original) (quoting Sacks v. Reynolds Sec., Inc., 593 F.2d 1234, 1239 (D.C. Cir. 1978)). Following the filing of the Application, the parties have had the opportunity to fully develop their arguments in various submissions to the Court. See Motion to Dismiss; Response to Motion to Dismiss; Reply; Motion to Confirm; Response to Motion to Confirm. Indeed, as discussed in detail below, the dispositive issue in this case is the timeliness of the Application, and both parties have fully briefed this issue and submitted the relevant evidence. See generally Motion to Dismiss; Response to Motion to Dismiss; Reply. Thus, the Court will exercise its discretion to construe the Application to Vacate as a motion, and the Motion to Dismiss as part of MSSB's Response in opposition to that motion. See O.R. Sec., Inc., 857 F.2d at 746; Hodgson, 2010 WL 3943698, at *1; see also Contech Constr. Prods., Inc. v. Heierli, 764 F. Supp. 2d 96, 105-06 (D.D.C. 2011); Farmers Nat'l Bank of Geneseo, 1992 WL 80516, at *1. In proceeding to resolve the parties' dispute, the Court notes that the parties have not requested a hearing, nor does the Court find one necessary to the resolution of the matters presented. Indeed, the facts relevant to the resolution of the Motion to Dismiss, as set forth above, are undisputed. As such, the Court will decide the Application to Vacate, Motion to Dismiss, and the Motion to Confirm on the papers. See Booth v. Hume Publ'g, Inc., 902 F.2d 925, 932 (11th Cir. 1990) (confirming the proper

expedited procedure to challenge an arbitration award and noting that "the district court need not conduct a full hearing on a motion to vacate or confirm; such motions may be decided on the papers without oral testimony").

## III.     Application to Vacate & Motion to Dismiss

### A.     Summary of the Arguments[4]

MSSB argues that this case should be dismissed for insufficient service of process pursuant to Rule 12(b)(5).  See Motion to Dismiss at 1.  In support, MSSB contends that the FAA governs this dispute because the contract between the parties involved interstate commerce.  See Motion to Dismiss at 3-5.  As such, MSSB argues that the FAA required the Trustee to serve notice of the motion to vacate on MSSB or its counsel "'within three months after the award is filed or delivered.'"  Id. at 5 (quoting 9 U.S.C. § 12).  Although the Trustee filed the Application on May 13, 2013, the last day within the time limits, MSSB contends that the Trustee did not effect service of the Application on MSSB until May 17, 2013, four days past the three-month deadline.  Therefore, MSSB maintains that the Application is time-barred.  See Motion to Dismiss at 7.

In her Response, the Trustee first argues that she filed her Application in state court pursuant to both the FAA and the Florida Arbitration Code (FAC), Chapter 682 of the Florida Statutes.  As such, the Trustee maintains that she timely filed her Application within the FAC's ninety-day filing deadline.  See Response to Motion to Dismiss at 2-3 (citing Fla. Stat. § 682.13(e)(2)).  The Trustee also contends that the she timely served notice of the

---

[4] Because the Court finds that the Application is due to be denied as untimely, the Court limits its analysis to this issue and will not discuss the remainder of the parties' arguments as to the merits of the Application.

Application under the FAA.  Specifically, the Trustee asserts that she accomplished timely service of notice on MSSB via the email her counsel sent to MSSB's arbitration counsel on May 13, 2013, informing MSSB that she had filed the Application earlier that day. See Response to Motion to Dismiss at 3-4, Ex. A.

As to this last argument, MSSB responds that the Trustee's email does not constitute timely notice because the FAA mandates that notice be served in accordance with the rules of this Court.  MSSB asserts that the Trustee's email did not comply with Rule 5(b)(2)(E) governing electronic service because counsel for MSSB did not consent in writing to service electronically. See Reply at 3-5; see also Rule 5(b)(2)(E).  Importantly, MSSB adds that the email did not include a copy of the Application to Vacate, nor identify the court in which it was filed. Id. at 5.  In light of this, the Trustee maintains that the email was sufficient because the FAA requires only service of notice of the Application, not the Application itself. See Response to Motion to Dismiss at 5.  In addition, relying on the fact that she filed the Application in state court, the Trustee argues that the email to opposing counsel complied with the notice requirements of Florida law. Id. at 4.  Last, the Trustee asserts that the Court should not dismiss this case as untimely filed because the Trustee served the Application only a short time after the deadline, and MSSB was aware of the Application by the May 13, 2013 deadline due to counsel's email. Id. at 5-8.

**B.      Discussion**

In her Application, the Trustee requests that the Court vacate the Arbitration Award under both the FAA and the FAC. See Application at 1.  Under the FAA, "[n]otice of a motion to vacate . . . an award must be served upon the adverse party or his attorney within three

months after the award is filed or delivered." <u>See</u> 9 U.S.C. § 12.  Significantly, this provision

requires the movant to serve notice of the motion within the three-month time period, such

that merely filing within that time period is insufficient to stop the running of the three-month

limitations period.  <u>See</u> <u>Webster</u>, 507 F.3d at 571-72; <u>Glaser v. Legg</u>, 928 F. Supp. 2d 236,

239 (D.D.C. 2013); <u>Mitra v. Global Fin. Corp.</u>, No. 08-80914-CIV, 2009 WL 1833932, at *3

(S.D. Fla. June 25, 2009) (finding application untimely where movant filed within deadline

but did not serve application until after deadline).  In contrast, pursuant to the FAC, an

application to vacate "shall be made within 90 days after delivery of a copy of the award to

the applicant . . . ." <u>See</u> Fla. Stat. § 682.13(e)(2) (eff. from July 1, 1997 to June 30, 2013).[5]

As such, the FAC appears to require only that a movant file the application within the time

limit.  <u>Id.</u>  It is undisputed that the Trustee filed her Application to Vacate on May 13, 2013,

within the 90-day time limit of the FAC.  Thus, if the FAC, rather than the FAA, applies to this

case, then the Application is timely.  However, if the FAA applies, the parties contest whether

the Trustee properly served notice of the Application on MSSB within the three-month

limitations period.  This issue is significant because "[a] party to an arbitration award who

fails to comply with the statutory precondition of timely service of notice forfeits the right to

judicial review of the award." <u>Piccolo v. Dain, Kalman & Quail, Inc.</u>, 641 F.2d 598, 600 (8th

Cir. 1981); <u>see</u> <u>also</u> <u>Cullen v. Paine, Webber, Jackson & Curtis, Inc.</u>, 863 F.2d 851, 854

_____

[5] The Court notes that the Florida Legislature recently amended the FAC.  <u>See</u> 2013 Fla. Sess. Law
Serv. Ch. 2013-232.  The revised version of section 682.13(e)(2) more clearly specifies that a motion to vacate
"must be filed within 90 days . . . ." <u>See</u> Fla. Stat. § 682.13(e)(2) (eff. July 1, 2013).  However, these revisions
did not take effect until July 1, 2013, after the Trustee initiated the instant action.  2013 Fla. Sess. Law Serv.
Ch. 2013-232, sec. 40.  As such, the amendments are not applicable here and the Court will cite to the version
of the FAC that was in effect at the time this case was filed.  <u>See</u> Fla. Stat. § 682.013(1)-(3) (eff. July 1, 2013).

(11th Cir. 1989); Florasynth, Inc. v. Pickholz, 750 F.2d 171, 175 (2d Cir. 1984) ("[A] party may not raise a motion to vacate, modify, or correct an arbitration award after the three month period has run, even when raised as a defense to a motion to confirm.").  In light of the parties' positions, the Court will first determine whether Florida or federal arbitration law applies.

"The FAA applies to any contract 'affecting' interstate commerce."  Klay v. All Defendants, 389 F.3d 1191, 1200 n.9 (11th Cir. 2004) (quoting Allied-Bruce Terminix Cos. v. Dobson, 513 U.S. 265, 273-74 (1995)); see also Citigroup Global Mkts., Inc. v. Bock, No. 10-24157-MC, 2013 WL 210253, at *3 (S.D. Fla. Jan. 17, 2013).  Here, the arbitration clause is contained in an Agreement pertaining to the management of the securities and investments of the Elenora Nagel Trust.  See Agreement at 3; Statement of Claim at 2-3. As such, the contract plainly implicates interstate commerce and the FAA applies.  See Grant v. Houser, 469 F. App'x 310, 313 (5th Cir. 2012) ("[The] contracts constitute interstate commerce under the FAA, because the sale of securities has a substantial effect on interstate commerce."); Citigroup Global Mkts., Inc., 2013 WL 210253, at *3 ("This activity–purchasing securities on national exchanges–is quintessentially an activity that affects interstate commerce."); Rugg v. FMR Co., Inc., No. 09-1952, 2010 WL 3733901, at *2 (W.D. La. Sept. 20, 2010) ("Brokerage accounts involve interstate commerce, and therefore, are subject to the FAA."); Jeereddi A. Prasad, M.D., Inc. v. Investors Assocs., Inc., 82 F. Supp. 2d 365, 367 (D.N.J. 2000) ("The FAA applies to arbitrations involving interstate commerce–such as the securities transactions involved here.").

Notably, the Trustee does not dispute that the FAA applies to this action.  Instead she appears to maintain that she may proceed under both federal and Florida arbitration law.  See Application to Vacate at 1 (citing both statutes); Response to Motion to Dismiss at 3-5 (relying on both statutes).  However, despite arguing that the Application is timely under the provisions of the FAC, the Trustee fails to offer any explanation as to why the FAC would apply to this case, or point to any authority supporting such an application.  The Agreement specifies FINRA, not Florida, as the forum for arbitration, and further designates the laws of the State of New York as the governing law.[6]  See Agreement at 21, 23; see also Fla. Stat. § 682.18(1) (eff. until June 30, 2013).  Neither specification supports an application of the FAC.  Regardless, even if the FAC did have some application here, the law is settled that in a case such as this involving interstate commerce, the FAC applies only to the extent that it is not in conflict with the FAA.  See Shotts v. OP Winter Haven, Inc., 86 So. 3d 456, 463-64 (Fla. 2011); Qubty v. Nagda, 817 So. 2d 952, 955-56 (Fla. 5th Dist. Ct. App. 2002).  Thus, the Court determines that the FAA's limitations period is the controlling rule of law.  See Cigna Ins. Co. v. Huddleston, 986 F.2d 1418, 1993 WL 58742, at *9 (5th Cir. 1993); Sanders-Midwest, Inc. v. Midwest Pipe Fabricators, Inc., 857 F.2d 1235, 1236-37 (8th Cir. 1988); Dalal v. Goldman Sachs & Co., Inc., 575 F.3d 725, 726 (D.C. Cir. 2009); Jeereddi A. Prasad, M.D., Inc., 82 F. Supp. 2d at 368-70; Savas v. UBS Fin. Servs., Inc., No. 07-10220, 2007 WL 1768773, at *2-3 (E.D. Mich. June 15, 2007); see also Calabria v. Franklin Templeton Servs., Inc., No. C 01-2280 WHA, 2001 WL 1180466, at *2-3 (N.D. Cal. 2001)

---

[6] Neither party argues that the New York arbitration code would govern this dispute, and they do not cite to this choice of law provision in their briefs.

aff'd 56 F. App'x 842 (9th Cir. 2003) (citing Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52 (1995)).

Having determined that the FAA and its procedural requirements, including the applicable limitations period, govern the Application, the Court next considers whether the Trustee complied with the FAA's three-month limitations period.  It is undisputed that the Trustee did not effect service of the Application to Vacate on MSSB until May 17, 2013, four days after the May 13, 2013 service deadline.  See Motion to Dismiss, Ex. A; Response to Motion to Dismiss at 7-8.  Thus, the Trustee timely served notice of the Application on MSSB only if the Trustee's email to opposing counsel on May 13, 2013, constitutes valid service under 9 U.S.C. § 12.

Pursuant to § 12 of the FAA, "[i]f the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court." See 9 U.S.C. § 12.[7]  MSSB argues that the Trustee's May 13, 2013 email does not comply with the law for service of a notice of motion in this Court.  See Reply at 3-4.  Specifically, Rule 5 provides that "[a] paper is served under this rule by: . . . sending it by electronic means if the person consented in writing– in which event service is complete upon transmission . . . ." See Rule 5(b)(2)(E) (emphasis added); see also Rule 5(b)(2)(E), advisory committee note to 2001 Amendments ("The consent must be express, and cannot be implied from conduct.").  MSSB asserts that the Trustee's email cannot constitute service

---

[7] MSSB concedes that it is a resident of the district within which the Arbitration Award was made. See Reply at 2.

because the Trustee fails to show, and cannot show, that MSSB or its counsel consented in writing to service of papers via email.  <u>See</u> Reply at 3.  Moreover, MSSB notes that the Trustee's counsel did not attach a copy of the Application to the email nor even identify the court in which the Trustee filed the Application.  <u>Id.</u> at 5.

The Trustee bears the burden of proving that she accomplished valid service.  <u>See</u> <u>Reeves v. Wilbanks</u>, ___ F. App'x ___, 2013 WL 5479126, at *4 (11th Cir. Oct. 3, 2013); <u>Hodgson</u>, 2010 WL 3943698, at *1; <u>Silicon Power Corp.</u>, 2009 WL 1971390, at *1.  However, the Trustee does not argue, much less offer any evidence, that MSSB's counsel consented to service electronically.  <u>See</u> Response to Motion to Dismiss at 3-4.  On this critical issue, the Trustee offers only a conclusory assertion that the email notice was "made in conformity with the provisions of Fed. R. Civ P. Nos. 5(a)(1)(E), 5(b)(1), and 5(b)(2)(E)."  <u>See id.</u> at 4. This unsupported conclusion provides the Court with no basis for finding that MSSB or its counsel authorized the Trustee to serve the Application electronically.  Given the absence of any evidence to the contrary, the Court finds that counsel's email to MSSB did not comply with Rule 5(b)(2)(E), and therefore, the Trustee did not timely serve MSSB with notice of a motion in a manner "prescribed by law for service of notice of motion in an action" in this Court, as mandated by the FAA.[8]  <u>See</u> <u>IKON Global Mkts., Inc. v. Appert</u>, No. C11-53RAJ, 2011 WL 9687842, at *2-3 (W.D. Wash. July 28, 2011) (finding email to opposing counsel

---

[8] The Trustee appears to argue that because she filed her Application in state court, she was required to serve notice in accordance with the rules for service of notice of a motion in an action in that court.  However, assuming <u>arguendo</u> that the Florida rules for electronic service applied, the Trustee's email is still insufficient in that it fails to comply with the requirements under the Florida Rules of Judicial Administration for service by electronic mail.  <u>See</u> Rule 2.516(b)(1)(E), Fla. R. Jud. Admin.; <u>see also</u> Rule 1.080, Fla. R. Civ. P.  Moreover, the Trustee's contention that she provided sufficient "notice" as that term is defined in section 682.012 of the Revised FAC is entirely without merit because, even if it were relevant, that statute was not effective at the time this case was filed.  <u>See</u> Response to Motion to Dismiss at 4; <u>supra</u> note 5.

insufficient to constitute service within meaning of 9 U.S.C. § 12); Silicon Power Corp., 2009 WL 1971390, at *4; Oberwager v. McKechnie Ltd., No. 06-2685, 2007 WL 4322982, at *8 (E.D. Pa. Dec. 10, 2007); but see Day & Zimmerman, Inc. v. SOC-SMG, Inc., No. 11-6008, 2012 WL 5232180, at *4 (E.D. Pa. Oct. 22, 2012) (finding email service sufficient where email was used as parties' primary mode of communication during arbitration and defendant requested that plaintiffs send them a copy of the complaint to vacate via email); Corinthian Colleges, Inc. v. McCague, No. 09 C 4899, 2010 WL 918074, at *2 (N.D. Ill. Mar. 4, 2010) (finding email sufficient where movant emailed the petition, a cover letter providing notice of the filing, and a "notice of electronic filing confirming the filing of the petition" to opposing counsel, and opposing counsel had consented to electronic service in the arbitration proceeding). Moreover, even if electronic service were permissible in this case, the Trustee's email to MSSB was still inadequate to constitute valid notice because the email did not include a copy of the Application. See Day & Zimmerman, Inc., 2012 WL 5232180, at *4 n. 9 (rejecting applicant's argument that notice under the FAA does not require service of the motion itself as a "clear misstatement[ ] of applicable law and/or the Court's policies").

Finally, the Trustee argues that the cases MSSB cites to support dismissal are distinguishable because, in those cases, the movant did not serve notice until weeks, months or years after the deadline. See Response to Motion to Vacate at 5-8.[9] In essence, this

---

[9] The Trustee adds that, unlike those cases, here, MSSB had actual notice of the Application within the three-month deadline. Id. at 7-8. However, as the Eleventh Circuit has explained in the context of Rule 4, "actual notice is not sufficient to cure defectively executed service." See Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007). As such, the Court is not persuaded that MSSB's actual notice of the Application is a sufficient basis for finding an exception to the FAA's requirements. See IKON Global Mkts., Inc., 2011 WL 9687842, at *4 (finding that actual notice did not support equitable tolling because "[a] mistaken legal belief is not a basis to invoke equitable tolling"). Indeed, to hold otherwise would eviscerate the FAA's requirement that
(continued...)

argument amounts to a request that the Court toll the deadline for serving notice under the FAA given the circumstances of this case.  Notably, the Trustee fails to cite to any authority in support of applying an equitable exception to the FAA's limitations period, and the Court questions whether any such exception exists.  See Taylor v. Nelson, 788 F.2d 220, 225-26 (4th Cir. 1986) ("The existence of any [due diligence or tolling] exceptions to § 12 is questionable, for they are not implicit in the language of the statute, and cannot be described as common-law exceptions because there was no common-law analogue to enforcement of an arbitration award."); see also Cigna Ins. Co., 1993 WL 58742, at *11; Sanders-Midwest, Inc., 857 F.2d at 1238; Florasynth, Inc., 750 F.2d at 175; Mitra, 2009 WL 1833932, at *3 (declining to create a lack of prejudice exception to the FAA); Waveform Telemedia, Inc. v. Panorama Weather N. Am., No. 06 Civ. 5270 CMMDF, 2007 WL 678731, at *5 (S.D.N.Y. Mar. 2, 2007).

Nonetheless, even if principles of equitable tolling applied to the FAA, the Trustee fails to demonstrate that she is entitled to the benefit of such an exception.  "[E]quitable tolling is an extraordinary remedy to be applied sparingly," thus "it is appropriate only when a plaintiff untimely files due to extraordinary circumstances that are both beyond her control and unavoidable even with diligence."  Hunt v. Ga. Dep't of Cmty. Affairs, 490 F. App'x 196, 198 (11th Cir. 2012).  Indeed, "[e]quitable tolling typically requires some affirmative misconduct, such as fraud, misinformation, or deliberate concealment."  Id.  Here, the Trustee offers no explanation as to what extraordinary circumstances warrant a tolling of the FAA's statute of

---

[9](...continued)
service "shall be made" in compliance with the rules of this Court.  See 9 U.S.C. § 12 (emphasis added); IKON Global Mkts., Inc., 2011 WL 9687842, at *3.

limitations in this case.  While it appears the parties were engaged in settlement discussions, neither ongoing settlement negotiations nor a misunderstanding of the law's requirements constitute due diligence or extraordinary circumstances warranting equitable tolling.  See Cullen, 863 F.2d at 854 (declining to consider the contours or existence of an exception to the FAA's service deadline because failing to comply with the deadline due to pending settlement negotiations does not constitute due diligence); Chase v. Nordstrom, Inc., No. CCB-10-2114, 2010 WL 4789442, at *2 (D. Md. Nov. 17, 2010) (noting that the Fourth Circuit has not recognized an equitable exception but even if it did, movant fails to show due diligence or good faith where she waited until the last day to file her complaint which left no time to serve timely notice on defendants); White v. Local 46 Metallic Lathers Union & Reinforcing Iron Workers of NYC & Vicinity, No. 01 Civ.8277(RMB)(GWG), 2003 WL 470337, at *4 (S.D.N.Y. Feb. 24, 2003) (finding "[n]o adequate basis for equitable tolling" where petitioners failed to meet the FAA's deadline "because of counsel's apparent lack of knowledge of the applicable rules, not because of any exception recognized by law or lack of awareness of pertinent facts").  Moreover, courts have enforced the FAA's limitations period to bar motions to vacate that were untimely served by margins smaller than the four days at issue here.  See Webster, 507 F.3d at 574-75 (affirming denial of motion to vacate as untimely because service occurred one day too late); Triomphe Partners, Inc. v. Realogy Corp., No. 10 Civ 8248(PKC), 2011 WL 3586161 (S.D.N.Y. Aug. 15, 2011) (finding that if equitable tolling could apply to the FAA's deadline in some circumstances, movant was not entitled to tolling because one failed attempt to serve on the last timely day does not constitute diligence, even though service achieved the next day); Calabria, 2001 WL

1180466, at *4 (finding petition time-barred where served three days late).  In sum, the FAA

imposes a three-month deadline to serve notice of a motion to vacate, and mandates that

such notice be given in compliance with certain rules.  <u>See</u> 9 U.S.C. § 12.  Here, the Trustee

failed to provide notice in the manner specified within the deadline required by the FAA, and

offers no reason, much less an extraordinary one, as to why she failed to comply with the

statute's requirements.  As such, the Trustee's Application to Vacate is time-barred and due

to be denied.

## IV.    Motion to Confirm

In the Motion to Confirm, MSSB requests that the Court enter an order confirming the

February 13, 2013 Arbitration Award and directing the Clerk of the Court to enter the Award

as a judgment in this action.  <u>See</u> Motion to Confirm at 1, 3.  In her Response to the Motion

to Confirm, the Trustee argues that the Arbitration Award is due to be vacated pursuant to

the grounds for vacatur set forth in 9 U.S.C. § 10(a)(2)-(4), and therefore, the Court should

deny the Motion to Confirm.  <u>See</u> Response to Motion to Confirm at 5-10.  Section 9 of the

FAA provides that:

> [i]f the parties in their agreement have agreed that a judgment of the court
> shall be entered upon the award made pursuant to the arbitration, and shall
> specify the court, then at any time within one year after the award is made any
> party to the arbitration may apply to the court so specified for an order
> confirming the award . . . ."

<u>See</u> 9 U.S.C. § 9.  In addition, § 9 requires that, "upon application of any party to the

arbitration, the court <u>must</u> confirm the arbitrator's award unless it is vacated, modified, or

corrected in accordance with sections 10 and 11 of the statute."  <u>Frazier v. CitiFinancial</u>

<u>Corp., LLC</u>, 604 F.3d 1313, 1321 (11th Cir. 2010) (citing 9 U.S.C. § 9); <u>Cullen</u>, 863 F.2d at

854 ("'A confirmation proceeding under 9 U.S.C. § 9 is intended to be summary: confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the [United States] Arbitration Act.'") (quoting Taylor, 788 F.2d at 225)).  Indeed, "[t]here is a presumption under the FAA that arbitration awards will be confirmed, and 'federal courts should defer to an arbitrator's decision whenever possible.'" Frazier, 604 F.3d at 1321 (quoting B.L. Harbert Int'l, LLC v. Hercules Steel Co., 441 F.3d 905, 909 (11th Cir. 2006)). Significantly, if a party fails to move to vacate an arbitral award within the three-month limitations period prescribed by section 12 of the FAA, she is barred from "raising the alleged invalidity of the award as a defense in opposition to a motion brought under section 9 of the [FAA] to confirm the award."  Cullen, 863 F.2d at 854.

Here, the parties' Agreement specifies that "the rules of the arbitration forum in which the claim is filed, and any amendments thereto, shall be incorporated into this Agreement." See Agreement at 23.  In the Agreement, the parties selected FINRA as the forum for the arbitration, see id., and section 12904(a) of the FINRA Customer Code of Arbitration provides that arbitration awards "may be entered as a judgment in any court of competent jurisdiction."  See Motion to Confirm, Ex. A.  Thus, pursuant to § 9 of the FAA and the parties' Agreement, MSSB properly seeks the entry of judgment in this Court in accordance with the Arbitration Award.  In addition, as MSSB filed the Motion to Confirm the Arbitration Award on July 3, 2013, it is well within the one-year statute of limitations set forth in § 9. Moreover, because the Trustee failed to timely seek vacatur or modification of the Arbitration Award under § 12, she is barred from raising any of the statutory bases for vacatur or modification under §§ 10 and 11 as defenses to the Motion to Confirm.  See Cullen, 863 F.2d

at 854; <u>Glaser</u>, 928 F. Supp. 2d at 240-41.  Because sections 10 and 11 provide the exclusive bases for vacating or modifying an arbitration award, the Court is bound under § 9 to confirm the award.  <u>See</u> <u>Frazier</u>, 604 F.3d at 1323.  In light of the foregoing, the Court finds that MSSB timely filed a Motion to Confirm as authorized by the parties' Agreement, and any potential defenses to the Motion to Confirm are time-barred.  As such, the Court concludes that the Motion to Confirm is due to be granted as required by § 9.  <u>See</u> 9 U.S.C. § 9; <u>Glaser</u>, 928 F. Supp. 2d at 241; <u>W. Reserve Life Assur. Co. of Ohio v. Rasky</u>, No. 8:13-cv-954-T-24 MAP, 2013 WL 3581743, at *1 (M.D. Fla. July 11, 2013); <u>see</u> <u>also</u> <u>Int'l Union of Operating Eng'rs, Local No. 841 v. Murphy Co.</u>, 82 F.3d 185, 187-88 (7th Cir. 1996). Accordingly, it is

**ORDERED**:

1.      Applicant's Verified Application to Vacate Arbitration Award (Doc. 2), construed as a Motion to Vacate the February 13, 2013 Arbitration Award, is **DENIED**.

2**.**      Respondent's Motion to Dismiss Applicant's Verified Application to Vacate Arbitration Award (Doc. 8) is construed as a response in opposition to Applicant's Motion to Vacate and is therefore **terminated**.

3.      Respondent's Motion to Confirm Arbitration Award (Doc. 9) is **GRANTED**.

4.      The February 13, 2013 Arbitration Award in favor of Morgan Stanley Smith Barney, LLC, and against Daishia L. Belz f/k/a LaMontagne, as Successor Trustee of the Elenora Nagel Trust is **CONFIRMED**.

5.      The Clerk of the Court is directed to enter judgment in accordance with the Arbitration Award.

6.    The Court reserves jurisdiction to resolve the matter of an award of attorney's fees as ordered by the arbitrator.  If MSSB intends to pursue such an award, MSSB must first confer with the Trustee in a good faith effort to reach an agreement on the appropriate amount.  If the parties are unable to agree, MSSB shall have up to and including **May 30, 2014**, to file an appropriate motion indicating the amount of fees and costs it requests in connection with defending the case in the underlying arbitration proceeding and substantiating the request with appropriate documentation.

7.    The Clerk of the Court is further directed to terminate any pending motions or deadlines and to close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 5th day of March, 2014.

_Marcia Morales Howard_
**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:
Counsel of Record